UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PRECISION COOLING TOWERS INC**  :  **CASE NO.  2:21-CV-03708**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**INDORAMA VENTURES OLEFINS L L C**  :  **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the Court is "Indorama Ventures Olefins, LLC's Motion to Dismiss for Failure to State a Claim" (Doc. 9) wherein Defendant moves to dismiss the instant complaint based on complainant's failure to allege sufficient facts to support a claim under the Louisiana Open Account statute. Louisiana Revised Statute 9:2781; *Factor King, LLC v. Block Builders, LLC*, 193 F.Supp.3d 651 (M.D.La. 2016).

### BACKGROUND

In August 2016, Precision Cooling Towers Inc. ("Precision Cooling") and the Defendant, Indorama Ventures Olefins, LLC ("Indorama") entered into a contract whereby Precision agreed to perform work related to the replacement of certain cooling towers.[1] The contract was a fixed lump sum price for a total amount of $3,773,462 to be paid in eight  milestone payments based on the percentage of completion.[2] As Precision Cooling reach the payment milestones, it invoiced Indorama for the corresponding percentage of the final completion certificate.[3] Indorama would pay the invoices as they became due.[4]

---

[1] Doc. 1, ¶ 5.
[2] *Id.* ¶ ¶ 6–8.
[3] *Id. ¶* 7.
[4] *Id.* ¶ 8.

Precision Cooling performed its obligation under the contract,[5] and invoiced Indorama for $341,296.20, reflecting the final 10% of the Contract Fixed Lump Sum Price minus the cost of the tower testing.[6]

In response to that invoice, Indorama made a partial payment of $209,518, leaving a remaining balance of $131,778.20.[7] On June 4, 2021, Precision Cooling sent a demand letter to Indorama,[8] and on July 14, 2021, Precision Cooling send a second demand letter.[9] Indorama failed to pay the remaining contract amount.[10] Precision Cooling alleges that Indorama's account is an open account because it is an account for which part of the balance is past due.

In addition, Precision Cooling alleges that the contract required Indorama to provide Precision Cooling tax exemption certificates.[11] After completion of the work, the state of Louisiana audited and rejected Indorama's tax certificates,[12] resulting in the state of Louisiana seeking $154,486.31 in taxes, delinquencies, and understatement, with penalties and interest continuing to compound.[13] Precision Cooling alleges that it was damaged by its reliance on the tax exempt certificates, because the state of Louisiana is seeking the unpaid taxes from it.

---

[5] *Id.* ¶ 9.
[6] *Id.* ¶ 11.
[7] *Id.* ¶ 12.
[8] *Id.* Exhibit A attached to Complaint.
[9] *Id.* Exhibit B attached to Complaint.
[10] *Id.* ¶ 16.
[11] *Id.* ¶ 18.
[12] *Id.* ¶ 19.
[13] *Id.* ¶ 20.

Precision Cooling is asserting a cause of action on open account pursuant to Louisiana Revised Statute § 2781, breach of contract for failure to make payments and for failure to provide viable tax-exempt certificates,[14] and detrimental reliance.

## **RULE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

---

[14] *Id.* ¶ ¶ 30–31.

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Indorama maintains that the contract is termed as a "fixed lump sum price" and thus is not an "open account" subject to Louisiana Revised Statute 9:2781. Indorama also argues that Precision Cooling has failed to establish the existence and the validity of a demand for

a sum due on open account because it has failed to present evidence of the account itself, and an affidavit or testimony attesting to its correctness. *See Premier Rotors, LLC v. Black Star, LLC* 2019 WL 6724354 at *2 (W.D. La. Dec. 10, 2019) ("In a suit on open account, it is of crucial importance that an itemized statement of the account, showing all the debits and all the credits which produce the balance due, be produced.")

The Louisiana open account statute defines the term "open account" to include "any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." Louisiana Revised Statute § 9:2781. An open account differs from an ordinary contract in that an open account generally entails an ongoing relationship during which one party extends a line of credit to another. *Cambridge Toxicology Group v. Exnicios,* 495 F.3d 169, 174 (5th Cir. 2007) (*citing Haynes v. Taylor*, 812 So.2d 874 (La.App. 3 Cir. 3/27/02). In an open account, unlike in a contract, the total cost of the services to be rendered is usually left open and undetermined. *Mid-South Analytical Labs, Inc. v. Jones, Odom, Spruill & Davis, LLP*, 912 So.2d 101, 107 (La.App. 2 Cir. 9/23/05). An open account is an account that is "open to future modification." *Tyler v. Hines*, 760 So.2d 559, 563 (La.App. 3 Cir. 5/03/00), one "that is left open for ongoing debit and credit entries … and that has a fluctuating balance until either party finds it convenient to settle and close, at which time there is a single liability." *Black's Law Dictionary 20* (8th ed. 2004).

As noted by Precision Cooling, the instant motion is pursuant to a 12(b)(6) motion, which requires that the court construe the allegations in the Complaint in a light most

favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer*, 94 F.3d at 194. No evidence is considered to determine at this juncture if the contract is on an open account.

Indorama complains that Precision Cooling was obligated to "present evidence of the account itself, and an affidavit or testimony attesting to its correctness."[15] The Court notes that it is premature to decide on a 12(b)(6) motion whether or not Precisions Cooling has presented evidence to support its claims of an unpaid amount. Considering the allegations in the Complaint as true, the Court must deny Indorama's motion to dismiss Precision Cooling allegations of a claim on open account at this time.

## CONCLUSION

For the reasons set forth herein, Indorama Ventures Olefins, LLC's Motion to Dismiss for Failure to State a Claim (Doc. 9) will be denied.

**THUS DONE AND SIGNED** in Chambers on this 8th day of April, 2022.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[15] Doc. 9-1, p. 4.